J-S35034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DAVIS, | |
| Appellant | No. 24 EDA 2015 |

Appeal from the PCRA Order June 2, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003651-2007

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED JUNE 09, 2015**

Appellant, Michael Davis, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the factual and procedural history of this case from the PCRA court's opinion and our own independent review of the record as follows.  On January 20, 2007, the victim, after ignoring the front doorbell and the backdoor buzzer, interrupted Appellant as he attempted to enter the victim's residence by using a screwdriver to pry open a bedroom window. Appellant ran across the street, entered the office of a nearby construction yard, asked for someone named Tony, and then stole a truck from the yard.

---

[*] Retired Senior Judge assigned to the Superior Court.

The victim called the police who searched the area and pursued the truck. Appellant led the police on a chase, struck two vehicles, and was arrested after being struck by a police car. The officers found the screwdriver and two syringes in Appellant's possession.

On April 15, 2008, Appellant waived his right to a jury trial. On the same day, the court convicted Appellant of attempted burglary, possession of an instrument of crime, receiving stolen property, possession of drug paraphernalia, and fleeing or attempting to elude a police officer.[1] On June 10, 2008, the court sentenced Appellant to an aggregate term of not less than twenty-five nor more than fifty years' imprisonment. The attempted burglary was Appellant's third crime of violence conviction. The trial court imposed the mandatory minimum sentence of at least twenty-five years' total confinement. (**See** PCRA Court Opinion, 12/15/14, at 3-4); **see also** 42 Pa.C.S.A. § 9714(a)(2).

Appellant timely filed a counseled direct appeal on July 9, 2008. On January 5, 2010, this Court affirmed the judgment of sentence. (**See Commonwealth v. Davis**, 991 A.2d 355 (Pa. Super. 2010) (unpublished memorandum)). The Pennsylvania Supreme Court denied leave to appeal

_____

[1] 18 Pa.C.S.A. §§ 901, 907, 3925, 35 P.S. § 780-113(a)(32), and 75 Pa.C.S.A. § 3733, respectively.

on November 3, 2010. (***See Commonwealth v. Davis***, 9 A.3d 627 (Pa. 2010)).

On January 6, 2011, Appellant timely filed a *pro se* PCRA petition positing claims of constitutional violations, ineffective assistance of counsel, illegal sentence, and lack of jurisdiction. The PCRA court appointed counsel on January 21, 2011. On April 26, 2011, counsel filed an application to withdraw with a supporting ***Turner/Finley***[2] no merit letter. Appellant filed *pro se* amendments to his PCRA petition on August 10, 2011 and December 2, 2013.

The PCRA court permitted counsel to withdraw and notified Appellant on January 29, 2014 of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. ***See*** Pa.R.Crim.P. 907. Appellant filed a *pro se* response on April 21, 2014.

The PCRA court dismissed the petition on June 2, 2014. Appellant timely appealed on June 19, 2014.[3]

Appellant raises the following question for our review:[4]

_____

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on August 4, 2014. The court entered its Rule 1925(a) opinion on December 15, 2014. ***See*** Pa.R.A.P. 1925.

[4] Appellant's brief lists one issue with four subparts. (***See*** Appellant's Brief, at 7). However, he argues his claims as one overarching question
*(Footnote Continued Next Page)*

[]Did the PCRA court commit an error of law, or abuse [its] discretion, in permitting PCRA counsel to withdraw with a no merit response, when the following underlying issues retained merit[:]

[I.] Should PCRA counsel be found to have provided ineffective assistance of counsel when:

A) [] Counsel refused to investigate, plead[,] and attempt to prove the ineffectiveness of appellate counsel in failing to address trial counsel's ineffectiveness regarding his failure to [thoroughly] prepare and provide proper evidentiary testing of a factual account by a police officer during the trial?

B) Counsel failed to address a layered ineffective counsel claim that trial counsel erred in failing to present a suggestion to the fact finder that they find appellant guilty of criminal trespass rather than criminal attempted burglary, if guilt was to be found at all?

C) Counsel erred in failing to argue that appellate counsel provided ineffective assistance in failing to file a reply brief in the direct appeal to counter misstatements made by the Commonwealth in their brief[,] which ultimately found there [sic] way into the language of the decision of [this] [C]ourt?

[II.] Should this Court rule the mandatory sentence imposed upon Appellant under 42 Pa.C.S.A. [§] 9714

_(Footnote Continued)_ ─────────────────

containing two issues with the first issue containing three subparts. (***See id.*** at 10-31). Therefore, we have amended his questions to reflect his arguments and for ease of reference.

[] as an illegal sentence and [render] the entire sentence void?

(Appellant's Brief, at 7) (most capitalization omitted).

Before we may address the merits of Appellant's issues, we must determine whether he properly preserved them for our review. Rule 1925(b) provides, in relevant part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.— If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> \* \* \*
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. . . . In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*
>
> (3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:
>
>> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>>
>> (ii) that the Statement shall be filed of record;
>>
>> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

4) *Requirements; waiver.*

\* \* \*

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2), (3), (4)(ii) and (vii); *see also Commonwealth v. Arrington*, 86 A.3d 831, 849 (Pa. 2014), *cert. denied*, 135 S.Ct. 479 (2014).

Here, the record reflects that on June 19, 2014, the trial court issued an order in technical compliance with Rule 1925(b) requiring Appellant to file a statement "no later than twenty-one (21) days from the date hereof." (Concise Statement Order, 6/19/14, at 1). The order provided that "any issue not properly included in the statement timely filed and served in compliance with this order and Pa.R.A.P. No. 1925(b) **shall** be deemed waived." (*Id.* at 2) (capitalization omitted and emphasis in original).

On July 8, 2014, due to Appellant's limited ability to access the appellate rules caused by his incarceration, he requested an extension within which to file his Rule 1925(b) statement. (*See* Motion for Extension of Time, 7/08/14, at 1). The PCRA court granted him an extension and

- 6 -

required Appellant to file a statement "no later than thirty (30) days from July 8, 2014." (Concise Statement Order, 7/09/14, at unnumbered page 1). The order provided that "**any issue** not properly included in the statement timely filed and served in compliance with this order as well as Pa.R.A.P. No. 1925(b) **shall** be deemed **waived**." (*Id.* at unnumbered page 2) (capitalization omitted and emphases in original). Appellant filed his timely concise statement on August 4, 2014.

Here, Appellant's claim that PCRA counsel provided ineffective assistance of counsel is not included in his Rule 1925(b) statement. (*See* Appellant's Statement of Matters Complained of on Appeal, 8/04/14, at 1-2). Instead, he merely asserts that **trial** counsel was ineffective. (*See id.*). Accordingly, all of Appellant's claims of ineffectiveness of PCRA counsel are waived. *See* Pa.R.A.P. 1925 (b)(4)(vii); *Arrington*, *supra* at 849.

Moreover, they would not merit relief.

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA and has not been previously litigated or waived. *See* 42 Pa.C.S.A.

§§ 9543 and 9544; *see also Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009). "We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

To succeed on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel is effective and demonstrate that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the *Pierce* test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

In Appellant's first claim, he argues that he received ineffective assistance of counsel because his PCRA counsel failed to investigate, plead and attempt to prove trial counsel's failure to impeach Colwyn Borough Police Officer Steven Sibbett's testimony. (*See* Appellant's Brief, at 10-21). The PCRA court properly found that Appellant's Rule 1925(b) statement was too vague to allow for meaningful review where it did not identify the

testimony. (**See** PCRA Ct. Op., at 16); **see also** Pa.R.A.P. 1925(b)(4)(ii). Appellant's claim would be waived for that reason as well. Furthermore, the record supports the court's determination that Appellant failed to plead and prove all three prongs of the **Pierce** test where trial counsel in fact challenged Officer Sibbett's testimony and there was overwhelming evidence identifying Appellant as the perpetrator. Appellant's first claim would not merit relief.

In his second claim, Appellant argues that he received ineffective assistance of counsel because PCRA counsel failed to address trial counsel's failure to argue that the evidence was sufficient for criminal trespass but not attempted burglary. (**See** Appellant's Brief, at 21-24). Our independent review of the record reveals that this Court addressed the merits of Appellant's sufficiency argument on direct appeal. (**See Davis**, **supra** at *6 (holding that "Appellant's attempted burglary conviction was supported by adequate evidence[.]")). Accordingly, there is no arguable merit to Appellant's sufficiency claim. Additionally, the PCRA court properly found that trial counsel did attack the legal sufficiency of the attempted burglary charge during closing argument. (**See** PCRA Ct. Op., at 27). The record belies Appellant's claim. Therefore, Appellant has failed to plead and prove the arguable merit prong of the **Pierce** test where the record contradicts Appellant's instant argument. Appellant's second claim would not merit relief.

In his third claim, Appellant argues that he received ineffective assistance of counsel from PCRA counsel because he failed to argue that direct appeal counsel did not file a reply brief to address a new matter in the direct appeal, which resulted in this Court adopting the Commonwealth's factual misstatements that his hand was inside the home. (*See* Appellant's Brief, at 25-28). Again, the PCRA court properly found that Appellant's Rule 1925(b) statement was too vague to allow for meaningful review where it did not identify the alleged misstatements. (*See* PCRA Ct. Op., at 38); *see also* Pa.R.A.P. 1925(b)(4)(ii). Furthermore, the record supports the court's determination that Appellant failed to plead and prove all three prongs of the *Pierce* test where the victim testified repeatedly that Appellant's hand was underneath the open window.

Accordingly, we would find no abuse of discretion in the PCRA court's denial of relief on Appellant's first issue even were it not waived.

In his remaining issue, Appellant argues that the imposition of a mandatory minimum sentence is illegal pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (*See* Appellant's Brief, at 30-31). We disagree.

"[W]e note that issues pertaining to *Alleyne* go directly to the legality of the sentence . . . [and] are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) (citations omitted).

Furthermore,

. . . [N]either our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. . . . This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Miller**, **supra** at 995 (citations omitted).

Here, Appellant was sentenced on June 10, 2008. This Court affirmed the judgment of sentence on January 5, 2010, and our Supreme Court denied *allocator* on November 3, 2010. Appellant did not seek a writ of *certiorari* from the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on February 1, 2011, when the period for him to file a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3). As already noted, **Alleyne** was not decided until 2013. Accordingly, **Alleyne** does not apply to Appellant. **See Miller**, **supra** at 995.[5]

Order affirmed.

---

[5] We note that "[n]o Pennsylvania case has applied **Alleyne** to sentences enhanced solely by prior convictions." **Commonwealth v. Lane**, 81 A.3d 974, 976 n.5 (Pa. Super. 2013), *appeal denied*, 92 A.3d 811 (Pa. 2014).

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015